UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NAU COUNTRY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ISOTEX HEALTH, LLC,<br><br>Defendant. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff NAU Country Insurance Company ("NAU" or "Plaintiff") files this Complaint against Isotex Health, LLC ("ISOTEX" or "Defendant"), and would show as follows:

### I.   INTRODUCTION

1. NAU brings this case against Defendant to recover premiums due and owing on a Crop-Hail, Grain Fire and Named Peril insurance policy issued to Defendant.

2. Defendant applied for and NAU issued a Crop-Hail, Grain Fire and Named Peril policy coverage of insurance, Policy Number MT-389-4205122-19 (the "Crop-Hail Policy").

3. Pursuant to the terms of the Policy and Application (defined below), Defendant agreed and promised to pay premiums in the sum of $1,870,181.00 on or before October 1, 2019.

4. Defendant has failed to timely pay the premium owed for the Crop-Hail Policy.

### II.   PARTIES

5. NAU is a corporation organized under the laws of Minnesota with its principal place of business in Ramsey, Minnesota. The owner and shareholder of NAU is QBE Holdings, Inc., ("Holdings") a Delaware corporation with its principal place of business in New York, New

York.  QBE Holdings, Inc. shareholder and owner is QBE Investments (North America, Inc.) ("Investments"), which is a Delaware corporation with its principal place of business in New York, New York.  Investments shareholder and owner is QBE Insurance Holdings Pty, Ltd., ("Pty Ltd.") an Australian company with its principal offices in Sydney, Australia.  Pty Ltd.'s sole shareholder and owner is QBE Insurance Group, Ltd., an Australian company with its principal place of business in Sydney, Australia.

6. Defendant ISOTEX is a limited liability company organized under the laws of Texas and with its principal place of business in McKinney, Texas.  Defendant may be served by delivery of process to its registered agent for service of process, Jason Bradley Cross, 3505 Quartz Dr., McKinney, Texas 75070.

### III.   JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because NAU is not a citizen of the same state as ISOTEX and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

8. This court has personal jurisdiction over Defendant because Defendant has its registered office and principal place of business in the State of Texas.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1339 because Defendant has its registered office and principal place of business in the State of Texas in McKinney, Texas, which lies within the Eastern District of Texas, Sherman Division.

### IV.   FACTUAL BACKGROUND

10. On July 2, 2019, ISOTEX applied for a Crop-Hail, Grain Fire and Named Peril coverage of insurance policy, a true and correct copy of which is attached hereto as Exhibit A, and incorporated herein.  ("Application")

11. The Application was accepted by NAU on July 2, 2019, thereby binding coverage on July 3, 2019.

12. The Application signed by ISOTEX and accepted by NAU, contains the following contractual provisions:

   a. "When this Application is accepted by NAU Country Insurance Company, the premium for each growing season will be calculated on the basis of the rates in effect for such season for the limit of insurance in effect."

   b. "**Binder** – Policy Provisions shall take effect 12:01 AM of the day following the date you and the agent signed the application." (i.e., July 3, 2019).

   c. "PROMISSORY NOTE – For value received, the undersigned promises to pay NAU Country Insurance Co., or its agents, the total premium due on or before October 1. If not paid within thirty days of the due date, an interest charge of 1.25% per month will be imposed on all overdue amounts, plus reasonable attorney fees, legal expenses, and collector costs. The Undersigned agrees and acknowledges that the Company may deduct any and all amounts owed under this policy or any other policy, whether or not due, from any loss payable to you under this policy. Failure to pay any fees or premiums due on this policy by March 15 of the year following the inception of the policy will be considered a delinquent debt. A delinquent debt on this policy will make you ineligible for coverage until such debt is paid in full."

13. Based on the express unambiguous term of the Application, including the Promissory Note, the premium was due on or before October 1, 2019. If not paid within thirty days of the due date, i.e., November 1, 2019, interest at the rate of 1.25% per month is imposed, along with reasonable attorney's fees, legal expenses and collection costs.

14. The principal amount of premium due is $1,870,181.00. Interest is accruing at the rate of 1.25% per month, as set forth in the Promissory Note.

15. Demand was made on Defendant by sending premium statements dated August 9, 2019, October 1, 2019, November 1, 2019, December 1, 2019 and January 1, 2020, February 1,

2020 and March 1, 2020.

16. Despite the clear obligation for payment of the premium, and demands by NAU, Defendant has wholly failed to pay the agreed upon premium pursuant to the terms of the Application and Promissory Note.

## V.   CAUSES OF ACTION

### Breach of Contract and Promissory Note

17. Plaintiff realleges and incorporates by reference the allegations made in paragraphs 1 through 16 of this Complaint.

18. As stated above, ISOTEX applied for and NAU issued the above described Policy on July 2, 2019.

19. Pursuant to the express terms of the Application and Promissory Note, Defendant is indebted to Plaintiff in the sum of $1,870,181.00 as premium due and owing on the Policy.

20. Despite written demands, Defendant has wholly failed to perform its contractual obligations by refusing to pay the premiums due and owing pursuant to the terms of the Application and Promissory Note, all to Plaintiff's damages.

21. NAU has retained the undersigned attorneys to prosecute this breach of contract and promissory note claim against Defendant for failing to pay the premiums due and owing pursuant to the terms of the Application and Policy.  NAU has agreed to pay the undersigned attorneys reasonable fees for their services rendered in connection with the prosecution of this action.  NAU is entitled to recover its reasonable attorneys' fees and expenses from Defendants in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code and the express terms of the Application and Promissory Note.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

a. A judgment in favor of NAU and against Defendant in the full amount of $1,870,181.00, pursuant to the terms of the Application and Promissory Note;

b. A judgment in favor of Plaintiff and against Defendant for pre-judgment and post-judgment interest, pursuant to the terms of the Application and Promissory Note;

c. A judgment in favor of Plaintiff and against Defendant for costs, reasonable attorneys' fees and other expenses incurred in preparing and prosecuting this cause of action; and

d. A judgment in favor of Plaintiff and against Defendant for any further relief as this Court deems just and proper.

Dated:  March 13, 2020                            Respectfully submitted,

**MULLIN HOARD & BROWN, LLP**

 /s/ Elizabeth A. Chermel
Elizabeth A. Chermel
Texas Bar No. 24074026
Mitch D. Carthel
Texas Bar No. 03940550
500 South Taylor, Suite 800
Amarillo, Texas  79101
(806) 372-5050 Telephone
(806) 372-5086 Facsimile
bbones@mhba.com
mcarthel@mhba.com

*Attorneys for Plaintiff*
*Admission to Practice Pending for Mitch D. Carthel*